NO. 07-04-0230-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 23, 2004
_____

ROSE M. YOUNG, a.k.a. GRAVES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-404531; HON. JIM BOB DARNELL, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Rose M. Young, a.k.a. Graves (appellant) appeals her conviction for the manufacture and delivery of a controlled substance and possession with intent to deliver a controlled substance. The clerk's record was filed on August 9, 2004, and the reporter's record was filed on September 30, 2004. Thus, appellant's brief was due November 1, 2004. That date passed without appellant filing a brief, however. So, on November 9, 2004, this Court notified appellant that neither the brief nor an extension of time to file it had

been received by the court. Appellant was also admonished that if he did not respond to the court's letter by November 19, 2004, the appeal would be abated to the trial court. On November 19, 2004, counsel for appellant filed a motion for extension of time to file appellant's brief, which was granted to December 15, 2004, with the admonition that no further extensions would be granted. No brief was filed by that date. Yet, a week after the deadline passed, that is, on December 22, 2004, counsel for appellant again moved for and extension of time, contending that he had deadlines approaching in three other cases. Why appellant's counsel deemed the briefing deadline in this appeal secondary to those in the three other matters he mentioned went unexplained; this omission is of particular import given that appellant's counsel has had over two and one-half months to compile a brief.

Consequently, we abate this appeal and remand the cause to the 140th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;

2. whether appellant is indigent and entitled to appointed counsel; and,

3. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue this appeal, is indigent, has appointed counsel, and has been denied effective

2

assistance of counsel, or has no counsel, then we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before January 21, 2005. Should additional time be needed to perform these tasks, the trial court may request same on or before January 21, 2005.

It is so ordered.


Per Curiam

Do not publish.